AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of

A black 2014 Lexus ES300h Sedan bearing
Iowa license plate EMR892 and
VIN # JTHBW1GG2E2053552.
(A-2)

Case No. 22-5212mb

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A-2.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before  6/17/22  *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for  30  days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: June 3, 2022 @ 12:14pm    /s/ Deborah M. Fine
                                                *Judge's signature*

City and state: <u>Phoenix, Arizona</u>              <u>Honorable Deborah M. Fine, U.S. Magistrate Judge</u>
                                                *Printed name and title*

## ATTACHMENT A-2

*Property to be searched*

The property to be searched is a 2014 Lexus ES300h sedan bearing Iowa license plate EMR892, VIN: JTHBW1GG2E2053552, parked at the premises located at 2416 West Lomita Avenue, Mesa, Arizona 85202.



## ATTACHMENT B

*Property to be seized*

Agents are authorized to search for evidence of violations of Title 18, United States Code, Section 701 (Possession of Unauthorized Imitation Badge, Identification Card, or other Insignia); and Title 18, United States Code, Section 912 (False Personation of an Officer or Employee of the United States) as further described in the Affidavit. This evidence, which supports the criminal offenses outlined in the Affidavit, includes the following:

1. A black air soft style rifle.

2. Any items specifically related to a black air soft style rifle, including magazines, cases, boxes, holsters, slings, ammunition belts, that could be used with a rifle in order to depict it as an authentic firearm.

3. Any photographs, including still photos, negatives, slides, videos, and films, appearing to show Adric Brown holding or otherwise in possession of a black air soft style rifle in manner depicting a federal agent.

4. A pellet style tan pistol.

5. Any items specifically related to a pellet style tan pistol, including magazines, cases, boxes, holsters, slings, ammunition belts, that could be used with a handgun in order to depict it as an authentic firearm.

6. Any photographs, including still photos, negatives, slides, videos, and films, appearing to show Adric Brown holding or otherwise in possession of a tan pellet style pistol in a manner depicting a federal agent.

7. Any unauthorized replications of a United States official badges, identification cards, or other insignia, to include (a) a fake United States Department of State Diplomatic Security Service Special Agent badge, (b) a fake United States Federal Bureau of Investigation Internal Affairs Division Special Agent Badge, (c) a fake United States Secret Service Special Agent Badge, and (d) a United States Secret Service Special Agent identification card bearing Brown's name and photo.

8. Any clothing or uniforms worn or photographed to appear as an officer of the

United States.

9. Any software or other programs that can be used to create fake badges, false identification cards, or insignia.

10. Any photographs, notes, or other digital records depicting Brown impersonating a federal agent.

11. Any records pertaining to Brown's purchases of fake badges, false identification cards, or insignia.

12. Any records or other data that demonstrate that Brown created fake badges, false identification cards, or insignia.

13. Any electronic communications discussing Brown's impersonation of a federal agent.

14. Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, and SIM cards (hereafter referred to collectively as "electronic storage media"). Electronic storage media shall be reviewed and the following items seized:

   a. Any records described in categories 1-13 above;
   b. Evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;
   c. Evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;
   d. Evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

e. Passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

f. Documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

g. Records of or information about the electronic storage media's Internet activity that relate to the crime under investigation, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses; and

h. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the United States Secret Service may deliver a complete copy of the seized, copied, or

3

disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.